IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-03-281-C |
| ) | |
| CRAIG PLATT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION CONCERNING
APPLICATIONS FOR A TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY INJUNCTION**

Mr. Williams has alleged unconstitutional conditions of confinement resulting from his incarceration at the Logan County Jail. The Plaintiff is now in the custody of the Oklahoma Department of Corrections, housed at the Dick Conner Correctional Center ("DCCC"). Mr. Williams has twice requested a temporary restraining order and/or a preliminary injunction against DCCC officials. According to the Plaintiff, prison officials have harassed him, conspired to kill him, interfered with the receipt and delivery of legal mail,[1] and denied him access to a bottom bunk. Mr. Williams seeks an end to the harassment, transfer to another Department of Corrections facility, and investigation into the allegations. The Court should dismiss the applications for a temporary restraining order and deny the requests for a preliminary injunction.

---

[1]   In the first application, Mr. Williams complained of confiscation of his legal materials. In the second application, the Plaintiff acknowledged that he had obtained access to the materials.

I.      THE PLAINTIFF'S REQUESTS FOR A TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without notice to the opposing party when "it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b).

The Defendants obtained notice of the requests either through service or electronic case filing. Once the Defendants obtained notice and an opportunity to respond, the requests for a temporary restraining order became moot. As a result, the Court should treat the requests for a temporary restraining order as superseded by the applications for a preliminary injunction.[2] Thus, the requests for a temporary restraining order should be dismissed.

II.     THE PLAINTIFF'S REQUESTS FOR A PRELIMINARY INJUNCTION

The Court should deny the requests for a preliminary injunction because: (1) Mr. Williams has not established a relationship between the reasons for an injunction and the conduct asserted in the complaint; and (2) the requested injunction would purport to bind non-parties.

---

[2]     *See TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) ("Because Defendants received notice and Plaintiffs' application for a temporary restraining order is before the Court following an evidentiary hearing . . ., in which hearing all parties participated, the Court will treat Plaintiffs' application for a temporary restraining order as a motion for a preliminary injunction, that is, subject to those standards that must be met for issuance of a preliminary injunction."); *see also Sampson v. Murray*, 415 U.S. 61, 87 (1974) (agreeing with the circuit court, which "held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions" (citation omitted)).

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001.[3] In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials.[4] A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.

The requested injunctions would also bind non-parties. Under Federal Rule of Civil Procedure 65(d), an injunction is only binding "upon the parties to the action . . . , [or] those persons in active concert or participation with them . . . ." Fed. R. Civ. P. 65(d). The rule entails proof of collusion or treatment of the DCCC officials as the Defendants' "alter ego." *See Reliance Insurance Company v. Mast Construction Company*, 84 F.3d 372, 377 (10th

---

[3] *See* Report and Recommendation at p. 11 (Mar. 31, 2005) (summary of recommendations), *adopted*, Memorandum Opinion and Order at pp. 1-2 (Apr. 29, 2005) (C.J. Cauthron).

[4] *See supra* p. 1.

Cir. 1996). Mr. Williams has made no such allegations, and he attributes the DCCC officials' conduct to an unrelated lawsuit.

Mr. Williams has not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants. Accordingly, the Court should deny the Plaintiff's requests for a preliminary injunction.

## III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The undersigned recommends dismissal of the Plaintiff's requests for a temporary restraining order and denial of his applications for a preliminary injunction.

The Plaintiff can object to this report and recommendation. To do so, Mr. Williams must file an objection with the Clerk of this Court. The deadline for objections is November 14, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## IV. STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 24th of October, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge