IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-03-281-C |
| | ) |
| CRAIG PLATT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AFFIRMING REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Objection Magistrate Judge's Order at (Dkt. No. 207) (Oct. 13, 2005)" and "Plaintiff's Objection [to] Magistrate Judge's Report and Recommendation on Request for Default Judgment at (Dkt. No. 210) (Oct. 18, 2005)." In these documents, Plaintiff complains of the Magistrate Judge's decision to permit Defendants to file an answer out of time and the denial of his request for a default judgment.

Despite Plaintiff's unsubstantiated claims of prejudice, the Court finds no error in the Magistrate Judge's decisions. Although Defendants' answer was due in May of 2005, Plaintiff did not seek default judgment until October 7, 2005, nearly a month after Defendants sought leave to file their answer out of time. Given Plaintiff's proclivity for filing motions, it is unlikely Plaintiff was aware of the lack of an answer until Defendants' motion was filed. The Court's docket bolsters this fact as it is clear that all parties have been litigating this case as if the answer had been timely filed.

As Judge Bacharach noted, the law is clear that default judgment is a harsh remedy and should be applied only in extreme circumstances. As the Tenth Circuit has noted:

> "strong policies favor resolution of disputes on their merits: '[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'"

Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (quoting Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970))). There is no evidence that Defendants' failure to timely answer has delayed the progress of this case. To the contrary the case is clearly moving forward to its ultimate resolution. Therefore, Judge Bacharach correctly denied Plaintiff's request for default judgment.

Accordingly, the Court affirms and adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and affirms the October 13, 2005, Order of the Magistrate Judge. Therefore, Plaintiff's "Objection to Magistrate Judge's Order at (Dkt. No. 207) (Oct. 13, 2005)" (Dkt. No. 226) and "Plaintiff's Objection [to] Magistrate Judge's Report and Recommendation on Request for Default Judgment at (Dkt. No. 210) (Oct. 18, 2005)" (Dkt. No. 227) are DENIED.

IT IS SO ORDERED this 7th day of November, 2005.

ROBIN J. CAUTHRON
United States District Judge