IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MILTON VERAN WILLIAMS,      )
                             )
                Plaintiff,   )
                             )
vs.                          )        Case Number CIV-03-281-C
                             )
CRAIG PLATT, *et al.*,       )
                             )
                Defendants.  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 26, 2006, Magistrate Judge Robert E. Bacharach entered a Report and Recommendation (R&R) addressing Defendants' Motion for Summary Judgment. Therein, Judge Bacharach properly recognized that Plaintiff only had two claims remaining, one for denial of medical care and one for promoting an assault. After considering the evidence presented by the parties, Judge Bacharach recommended judgment be granted to Defendants Logan County, Kutay, Platt, and Richardson in his official capacity, on the denial of medical care claims. Judge Bacharach recommended the motions of Defendants Woodard, Williams, Crenshaw, Tucker, and Richardson, in his individual capacity, be denied as to the denial of medical care claim. Regarding the promotion of assault claim, Judge Bacharach recommended denial of Defendants Scott and Woodard's motion and that Defendants Sugrue and Richardson be granted judgment on the claim.

The time for objection has now passed, and Plaintiff has raised no objection to that portion of Judge Bacharach's R&R recommending entry of judgment as to certain Defendants. Indeed, in his recently filed Motion to Strike which is addressed in more detail

below, Plaintiff asserts the R&R should be adopted in its entirety. Accordingly, that portion of the R&R will be adopted in its entirety.

Defendants Richardson, in his individual capacity, Woodard, Tucker, Williams, Scott, and Crenshaw filed an Objection and requested the Court enter judgment in their favor. Accordingly the Court will review the disposition of the claims against these Defendants[1] *de novo*.

1.  Denial of Medical Care

Defendants argue Judge Bacharach erred in finding Plaintiff's Fourteenth Amendment claim for denial of medical care should survive summary judgment. According to Defendants, the undisputed material facts are that any medical condition Plaintiff suffered was not serious and therefore did not warrant protection under the Constitution. Defendants argue there was no evidence that Plaintiff's condition had been diagnosed by a doctor or that it was so obvious that a lay person would recognize the need for medical attention. See Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) ("a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). Defendants' argument ignores the evidentiary materials provided by Plaintiff. Plaintiff attached to his Response copies of medical records showing he had received medical care in September of 2000,

---

[1]  In the remainder of this Opinion, the Court will refer to these individuals collectively as "Defendants."

including two prescriptions which were administered by employees at the Logan County Jail until his release from that facility in November of 2000.  Upon Plaintiff's return to the Logan County facility, he made a request for medical care for the same ailments.  Plaintiff bases his claim for denial of medical care on Defendants' purported refusal to respond to these requests.  Thus, a reasonable jury could find that Defendants were aware of Plaintiffs' serious medical condition based on the previous diagnosis, but refused to provide adequate medical care.[2]

Defendants' challenge to Plaintiff's testimony regarding the nature and extent of his pain is likewise without merit.  By citation to Plaintiff's deposition testimony, Defendants attempt to pick and choose those portions of the record that support their argument while ignoring those portions of Plaintiff's testimony that provide specific examples of Plaintiff's complaints.  Further, Defendants wholly ignore the medical records provided by Plaintiff which provide a more complete recitation of his complaints.  Indeed, Defendants' Objection can be read as an attempt to mislead the Court as to the evidence in the records.  Defendants

---

[2] Defendants argue that Plaintiff's evidentiary materials demonstrate that he was provided medical care as he was taken to the hospital for examination in October of 2001.  However, that visit was some seven months after Plaintiff's first documented complaint.  Whether that delay constitutes a constitutional violation cannot be answered given the material evidence before the Court.  See Hunt, 199 F.3d at 1224:

> Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody.  This is true whether the indifference is manifested by prison doctors responding to the prisoner's needs or by guards' intentionally delaying or denying access to medical care that has been prescribed.

are warned that similar conduct in the future will result in sanctions.  In short, Defendants' arguments fail to demonstrate the absence of disputed material facts.  Accordingly, the Court, on *de novo* review, finds the R&R of Judge Bacharach well supported on the denial of medical care claim and Defendants' objection thereto will be denied.

2.  Promotion of an Inmate Assault

Defendants argue Plaintiff has failed to provide any evidence demonstrating they in any way acted to promote an assault on Plaintiff.  Defendants argue that the evidence on which Judge Bacharach relied does not support the conclusion drawn from it in the R&R. Judge Bacharach determined that when viewed in the light most favorable to Plaintiff, the affidavit of Mr. Starr creates a question of material fact regarding the culpability of Defendants Scott and Woodard.  The Court agrees.

Defendants deny any promotion of assault against Plaintiff.  However, the evidentiary materials provided by Plaintiff establish a question of fact on the issue.  Plaintiff's deposition testimony states that he learned of the alleged actions of Defendants Scott and Woodard from what he was told by other inmates.  Plaintiff also provides the affidavit of Mr. Starr, wherein Mr. Starr states:

> That jailer (Elton Scott) had told the Black inmates that Milton would be arriving in the early morning of 11/08/04 and that the Undersheriff (Kevin Woodard[] had told them to assault Milton and they would be rewarded with cigarettes and that Milton was returning to testify against one of them.  Also that no charges would be brought against the inmates involve [sic] in the assault where Reggie Smith was leaving for DOC custody on 11/08/01.

4

(Dkt. No. 244, Exh. 19, p. 3).  Defendants argue this evidence should be stricken as it is not

based on personal knowledge.  The Court disagrees.  It is unclear from the affidavit whether

Mr. Starr had heard Mr. Scott's recitation or was told by another inmate what was said.  If

it is the former, as Judge Bacharach noted, Mr. Scott's recitation of Mr. Woodard's statement

would be excluded from the hearsay rule by Fed. R. Evid. 801(d)(2(D).  However, if Mr.

Starr is merely repeating what he was told by another inmate about Mr. Scott's statement, the

affidavit would be excluded as hearsay.  Defendants complain that Plaintiff has failed to

provide facts based on personal knowledge and therefore they are entitled to judgment.

However, Defendants overlook the fact that the initial burden rests with them to establish the

fact as undisputed.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)(The movant

bears the initial burden of demonstrating the absence of material fact requiring judgment as

a matter of law).  Because Defendants have failed to establish the fact as undisputed, they

have failed in their summary judgment burden and are not entitled to judgment.  In addition,

given the requirement that disputes of fact be viewed in the light most favorable to Plaintiff

as well as the liberal reading applied to Plaintiff's filings given his pro se status, the Court

is unwilling to enter judgment in Defendants' favor on the record before  it.  Defendants'

Objection to the R&R will be denied on this issue.

Plaintiff has filed a Motion to Strike Defendants' Objection to Magistrate Judge's

Report and Recommendation.  Therein, Plaintiff argues that the copy of Defendants' brief

mailed to him did not include the exhibits mentioned therein.  Plaintiff argues the Objection

should be stricken, as without the exhibits he has no way to prepare a meaningful response

to the Objection.  Plaintiff's motion is without merit on two grounds:  First, pursuant to LCvR 72.1(b) Plaintiff has no right to respond to Defendants' objection.  Thus, he has suffered no prejudice.  Second, Defendants' Objection filed with the Court also had no exhibits attached.  This is rightly so, as the exhibits mentioned therein were those attached to Plaintiff's brief in response to Defendants' Motion for Summary Judgment.  Thus, there was no need to burden the Court's file with additional copies and Plaintiff could not have been prejudiced as the exhibits were his.  Therefore, Plaintiff's Motion to Strike will be denied.

As set forth more fully herein, the May 26, 2006, Report and Recommendation (Dkt. No. 259) of Judge Bacharach is ADOPTED in full.  The judgments recommended therein will be entered at the conclusion of the case.

IT IS SO ORDERED this 18th day of July, 2006.


ROBIN J. CAUTHRON
United States District Judge